**LAQUER, URBAN, CLIFFORD & HODGE LLP**
Michael A. Urban, Nevada State Bar No. 3875
Nathan R. Ring, Nevada State Bar No. 12078
4270 South Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
Telephone: (702) 968-8087
Facsimile:  (702) 968-8088
Electronic Mail:  murban@luch.com; nring@luch.com
*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; AND TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN EXPLOSIVES SYSTEMS COMPANY, a Delaware corporation.<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR BREACH OF CONTRACT AND ERISA**<br><br>[29 U.S.C. §§ 185(a) and 1132(e)] |

Plaintiffs, TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST; TRUSTEES OF THE OPERATING ENGINEERS HEALTH AND WELFARE FUND; TRUSTEES OF THE OPERATING ENGINEERS JOURNEYMAN AND APPRENTICE TRAINING TRUST; and TRUSTEES OF THE OPERATING ENGINEERS VACATION-HOLIDAY SAVINGS TRUST, complain and allege as follows:

/ / /

1

**GENERAL ALLEGATIONS**

1. This Court has jurisdiction of this case under § 301(a) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a), and § 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1132(e).

2. Plaintiffs are the Trustees of the Operating Engineers Pension Trust, Operating Engineers Health and Welfare Fund, Operating Engineers Journeyman and Apprentice Training Trust, and Operating Engineers Vacation-Holiday Savings Trust (hereinafter collectively "Trusts"). The Trusts are express trusts created pursuant to written declarations of trust (hereinafter "Trust Agreements") between the International Union of Operating Engineers, Local Union No. 12 (hereinafter "Local 12"), and various employer associations in the construction industry in Southern California and Southern Nevada. The Trusts were created and now exist pursuant to § 302(c) of the LMRA, as amended 29 U.S.C. § 186(c).

3. At all times material herein, Local 12 has been a labor organization representing employees in the building and construction industry in Southern California and Southern Nevada, and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the LMRA, as amended 29 U.S.C. § 185(a).

4. Plaintiffs are informed and believe, and thereon allege, that at all times material herein Defendant WESTERN EXPLOSIVES SYSTEMS COMPANY (hereinafter "Wesco") has been a corporation organized and existing by virtue of the laws of the State of Delaware and authorized to conduct business in the State of Nevada.

**FIRST CAUSE OF ACTION**
**Breach of Contract**

5. Plaintiffs hereby incorporate the foregoing paragraphs 1 through 4 as though fully set forth herein.

6. On or about June 24, 2002, Wesco agreed to be bound to the Master Labor Agreement between the Nevada Contractors Association (hereinafter "NCA"), a multi-employer association, and Local 12. The proxy also appointed the NCA as Wesco's collective bargaining representative for all

matters with Local 12. At all times material herein, the Master Labor Agreement has been in effect between Wesco and Local 12.

7. On August 14, 2002, Wesco filed an inactive status request with the Plaintiffs. The request asked to be relieved of the reporting requirements but agreed "that should Operating Engineers be employed by us in the future, we will advise your office in writing of such employment immediately and request that you furnish the necessary report forms and pay the necessary contributions when they are due, all in accordance with the terms and provisions as state in our collective bargaining agreement with International Union of Operating Engineers, Local 12."

8. On May 14, 2003, Wesco was listed on the roster of employers proxied with NCA for collective bargaining representation with Local 12.

9. On January 19, 2004, Wesco no longer appeared on NCA's roster as being a member of the NCA.

10. It appears Wesco withdrew as a member of the NCA for purposes of collective bargaining with Local 12. However, Wesco never sent a notice of termination to Local 12 and by virtue of Wesco's withdrawal from the NCA, it became bound to the short form collective bargaining agreement with Local 12.

11. Under the Master Labor Agreement and Trust Agreements, at all times material herein, and upon its employment of any person performing work covered by its collective bargaining agreement with Local 12, Wesco was obligated to submit written reports to the Trusts on a timely basis showing the identity of their employees performing work covered by the Master Labor Agreement and the number of hours worked by or paid to these employees. Further, by virtue of the agreements, Wesco promised it would pay fringe benefit contributions to the Trusts on a monthly basis and at specified rates for each and every hour worked by or paid to any of its employees performing any covered work under the Master Labor Agreement. These amounts are due and payable at the Trusts' administrative offices in Pasadena, California.

12. By the terms of the Trust Agreement and Master Labor Agreement, Wesco agreed that all work covered by the collective bargaining agreement would be performed by employees covered by

the Agreements. Wesco also agreed that any work covered by the Master Labor Agreement subcontracted by Wesco would be subcontracted to a firm or entity also signatory to the terms of the Master Labor Agreement.

13. Wesco is required to maintain adequate records of work performed by and the amounts paid to its employees and subcontractors. Under the Master Labor Agreement and Trust Agreements, Wesco agreed that the Trusts and their authorized agents could conduct audits of Wesco's payroll and related records in order to determine if fringe benefit contributions had been properly paid pursuant to the Master Labor Agreement and Trust Agreements. Wesco has failed and refused and continues to fail and refuse to permit the Trusts to conduct a complete audit of their payroll and related records.

14. By letter dated December 30, 2015, the Trusts and their attorney requested Wesco permit an audit of its payroll and related records. WESCO provided some of the documents required but not all of them. The Trusts' counsel continued to work with counsel for WESCO on the production; however, WESCO has failed to provide the remaining documentation need for the Trusts' auditor to complete the audit. Wesco's failure to permit an audit is a breach of its collective bargaining agreement with Local 12.

15. As a result of Wesco's failure to permit the Trusts to complete an audit, the Trusts have no way of knowing what amount, if any, of contributions and/or contract damages are due and owing.

16. Pursuant to the Master Labor Agreement and 29 U.S.C. § 1132(g)(2), Wesco agreed that in the event they failed to pay fringe benefit contributions or contract damages when due, they would be considered delinquent with the Trusts and would pay to the Trusts the sum of $25.00 per month, ten percent (10%) of the total amount then due, or interest on the amount due at the rates established pursuant to 26 U.S.C. § 6621 from the due date, whichever is greater, as liquidated damages for each delinquency.

17. Pursuant to the Master Labor Agreement and Trust Agreements, Wesco also agreed that in the event of any delinquency, they would pay all legal and auditing costs in connection therewith, whether incurred before or after litigation is commenced.

18. It has been necessary for the Trusts to engage the law firm of Laquer, Urban, Clifford & Hodge, LLP, for the purpose of obtaining the payroll and related records of Wesco for a complete audit and to collect any and all amounts found to be due and owing to the Trusts. Pursuant to the Master Agreement and 29 U.S.C. § 1132(g)(2)(D), the Trusts are entitled to their reasonable attorney's fees in connection therewith, even if no other delinquency is discovered by the audit.

19. Pursuant to 29 U.S.C. § 1132(g)(2)(B), Wesco owes the Trusts interest, at the rates established pursuant to 26 U.S.C. § 6621, on all unpaid contributions from the dates the sums were originally due until the date of judgment. The amount of said interest will be established by proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, the Trusts pray for judgment against Defendant, Western Explosives Systems Company, as follows:

1. For an order directing WESCO to present the remaining documents and information necessary for the Trusts to complete their audit.

2. For unpaid fringe benefit contributions in amounts as proved;

3. For damages for breach of contract in amounts as proved;

4. For liquidated damages in amounts as proved;

5. For audit expenses in amounts as proved;

6. For interest at the rates established by 26 U.S.C. § 6621 on all fringe benefit contributions and/or damages from due dates;

7. For the Trusts' reasonable attorney's fees;

8. For the Trusts' costs of suit incurred herein;

9. For such additional relief as this Court deems just and proper.

/ / /

/ / /

1 | DATED: October 21, 2016 | **LAQUER, URBAN, CLIFFORD & HODGE LLP**

**By:** */s/ Nathan R. Ring*
Michael A. Urban, Esq., Nevada State Bare No. 3875
Nathan R. Ring, Esq., Nevada State Bar No. 12078
*Counsel for Plaintiffs*

DATED: October 21, 2016

**LAQUER, URBAN, CLIFFORD & HODGE LLP**

**By:** */s/ Nathan R. Ring*
Michael A. Urban, Esq., Nevada State Bare No. 3875
Nathan R. Ring, Esq., Nevada State Bar No. 12078
*Counsel for Plaintiffs*

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff(s)* | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. |
| *Defendant(s)* | ) ) ) ) ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

       A lawsuit has been filed against you.

       Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

       If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: