UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST, *et al.*,

    Plaintiffs,

vs.

WESTERN EXPLOSIVES SYSTEMS COMPANY,

    Defendant.

Case No.: 2:16-cv-02473-GMN-CWH

**ORDER**

Pending before the Court is the Motion for Attorney's Fees, (ECF No. 34), filed by Plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Journeyman and Apprentice Training Trust, and Trustees of the Operating Engineers Vacation-Holiday Savings Trust (collectively "Plaintiffs"). Defendant Western Explosives Systems Company ("Defendant") filed a Response, (ECF No. 35), and Plaintiffs filed a Reply, (ECF No. 36). For the reasons stated herein, Plaintiffs' Motion for Attorney's Fees is **GRANTED**.

**I.  BACKGROUND**

This action concerns claims for unpaid benefit contributions under ERISA and the Labor Management Relations Act ("LMRA"). (Am. Compl. ¶ 1, ECF No. 13). In their Motion for Summary Judgment, Plaintiffs alleged that Defendant granted a "proxy" to the Nevada Contractors Association ("NCA") for purposes of collective bargaining with Local 12. (Ramos Decl. ¶ 8, Ex. 1 to Pls.' MSJ, ECF No. 17-1); (Notice of Proxy, Ex. 1-B to Pls.' MSJ, ECF No. 17-2). As a result of this proxy, Plaintiffs argued that Defendant bound itself to the Master Labor Agreement ("MLA") for Southern Nevada, which was negotiated between Local 12 and

the NCA. (Pls.' MSJ 2:6–12, ECF No. 17). Based on this agreement, Plaintiffs argued that Defendant was required to pay contributions for all "covered work" by its employees, which totaled $55,881.06 in unpaid contributions, $5,588.10 in liquidated damages, and prejudgment interest at a rate of three percent. (*Id.* 12:3–7). On March 29, 2018, after full consideration of the record, the Court granted Plaintiffs' Motion for Summary Judgment and ordered that Defendant pay Plaintiffs $61,469.14 plus any applicable prejudgment interest. (Order, ECF No. 32). Plaintiffs now move for attorney's fees and costs.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(2) allows a party to file a motion for attorney's fees if it: (1) is filed within 14 days after judgment is entered; (2) identifies the legal basis for the award; and (3) indicates the amount requested or an estimate thereof. In determining whether a fee is reasonable, the Court "multiplies the number of hours reasonably expended by a reasonable hourly rate." *Tallman v. CPS Sec. (USA), Inc.*, 23 F.Supp.3d 1249, 1256 (D. Nev. 2014) (citing *Mendez v. Cnty of San Bernardino*, 540 F.3d 1109, 1129 (9th Cir. 2008)). The resulting figure is referred to as the "lodestar figure," and this amount is a presumptively reasonable fee. *Id.*

## III. DISCUSSION

### A. Entitlement to Attorney's Fees and Costs

In the instant Motion, Plaintiffs seek $71,683.00 in accrued fees and $804.79 in costs associated with litigating this action. (Mot. Atty. Fees 7:18–21, ECF No. 34). Plaintiffs assert that they are contractually entitled to such fees and costs pursuant to the labor and trust agreements between the parties. (*Id.* 4:21–22). Additionally, Plaintiffs assert that they are entitled to these fees and costs pursuant to 29 U.S.C. § 1132(g)(2). (*Id.* 5:3–20).

Under 29 U.S.C. § 1132(g)(2)(D), trustees are entitled to an award of attorney's fees in successful actions to collect unpaid contributions. *See Kemmis v. McGoldrick*, 706 F.2d 993,

997 (9th Cir. 1983); *San Pedro Fisherman's Welfare Trust Fund v. DiBenardo,* 664 F.2d 1344 (9th Cir.1982) (holding the damages specified in 29 U.S.C. § 1132(g)(2), including attorneys' fees, must be awarded whenever an ERISA trust fund obtains a judgment for unpaid contributions against an employer). Defendant does not oppose the applicability of Section 1132 to this action. The Court therefore finds that under the terms of the collective bargaining agreement and pursuant to 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to their attorney's fees and costs.

### B. Reasonableness

Once a party has established its entitlement to an award of attorney's fees, the Court must determine the reasonableness of the requested amount. *In re USA Commercial Mortg. Co.*, 802 F. Supp. 2d 1147, 1178 (D. Nev. 2011). In assessing the reasonableness of an hourly rate, the Court considers the experience, skill, and reputation of the attorney requesting fees. *Webb v. Ada County*, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). This rate is calculated at the "prevailing market rate in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). Here, Plaintiffs' counsel requests fees at a rate up to $360/hr. for partner level work, $250/hr. for associate level work, and $110/hr. for paralegal level work. (Mot. Atty. Fees 6:15–16); (Fees Report, Ex. 2 to Mot. Atty. Fees, ECF No. 34-2).

Upon review, the Court finds that Plaintiffs' requested fees are reasonable and therefore do not warrant a downward departure. The Court bases this finding on the questions presented, length of the motions, number of hours worked, and the quality of counsel. In particular, the Court recognizes the importance of counsel's litigation experience throughout this matter, which ultimately contributed to Plaintiffs' success at summary judgment. Furthermore, the Court notes that Plaintiffs complied with the applicable provisions of Local Rule 54–16 by providing a detailed itemization and description of the work performed, as well as a summary

of the fees charged and the time and labor required.  Additionally, the Court notes that Plaintiffs' requested hourly rates are consistent with comparable ERISA actions in this district. *See, e.g.*, *Tollen v. Clark Cty. Ass'n of Sch. Admin. & Prof'l Employees*, No. 2:15–CV–01096–JAD–NJK, 2016 WL 7451623, at *2 (D. Nev. Dec. 2, 2016) (finding hourly rates of $275–290 for associates and $350–360 for partners to be reasonable); *Trustees of Teamsters Local 631 Sec. Fund for S. Nevada v. Knox Installation - Dismantling & Servs., Inc.*, No. 2:12–CV–1689–JAD–GWF, 2013 WL 4857897, at *6 (D. Nev. Sept. 9, 2013) (finding hourly rates of $300 for partner work, $270–280 for associate work, and $160–165 for paralegal work to be reasonable); *Trustees of Const. Indus. & Laborers Health & Welfare Tr. v. B. Witt Concrete Cutting, Inc.*, 685 F. Supp. 2d 1158, 1165 (D. Nev. 2010) (finding hourly rates of $285–310 for an attorney and $160–175 for a paralegal to be reasonable).

Defendant does not challenge the general reasonableness of Plaintiffs' rates or hours billed.  Rather, Defendant raises two specific objections: (1) Plaintiffs' Motion does not "explain whose initials are 'BRH' on the billing entries and why this third partner would be needed on the matter;" and (2) Plaintiffs' Motion does not explain "why this matter required the oversight and work of even two law firm partners." (Resp. 3:7–15, ECF No. 35).  In their Reply, Plaintiffs agree to remove the BRH entries from their fee request, which reduces the requested fees by $1,134.00. (Reply 5:7–8, ECF No. 36).  The Court therefore strikes the BRH entries from the billing report as unopposed and reduces Plaintiffs' total to $70,549.00 in accrued fees.  With respect to Plaintiffs use of two partners, the Court finds no indication that such work was duplicative or unnecessary such that a departure is warranted.  To the contrary, Plaintiffs represent that the second partner brought unique knowledge about both ERISA and these specific plaintiffs that helped achieve a favorable result. (*See id.* 3:23–25).  The Court therefore finds the remainder of Plaintiffs' requested fees and costs to be reasonable.

### C. Additional Fees for Time Spent Drafting Reply

Plaintiffs' counsel requests an additional $1,548.00 for time spent responding to Defendant's objections to the instant Motion. (Reply 5:7–11). In arriving at this figure, counsel states that he "was required to review the Response, cases cited therein, research and analyze applicable case law . . . and prepare this declaration and the Reply document." (Ring Decl. ¶ 5, Ex. 1 to Reply, ECF No. 36-1).

Upon review, the Court does not find this requested amount reasonable in light of the limited scope of Defendant's Response. Notably, Defendant's Response spans only three pages and includes only a single paragraph of substantive objections to Plaintiffs' Motion. Moreover, Defendants' objections pertain exclusively to matters contained within the original billing report. As Plaintiffs' counsel should have already had familiarity with this report, the Court finds Plaintiffs' accounting of additional research and analysis to be excessive. The Court therefore reduces Plaintiffs' additional fees to $387.00, which represents an amount the Court finds reasonable given the nature of Defendant's opposition.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees, (ECF No. 34), is **GRANTED**. The Court awards fees in the amount of $70,936.00 and costs in the amount of $804.79 against Defendant.

**DATED** this __11__ day of March, 2019.

_____
Gloria M. Navarro, Chief Judge
United States District Judge